Fearing, C.J.
¶29 (concurring) — I concur in all of the majority’s rulings. Nevertheless, I disagree with or wish to expand some of the analysis of the majority on two subject matters.
Bignold and Mike M. Johnson
¶30 I disagree with the tenor of the majority opinion that Bignold v. King County, 65 Wn.2d 817, 399 P.2d 611 (1965) and Mike M. Johnson, Inc. v. Spokane County, 150 Wn.2d 375, 78 P.3d 161 (2003) may be reconciled. Mike M. Johnson v. Spokane County silently overrules Bignold v. King County’s ruling that a contractor may recover for additional work resulting from changed conditions, if the public owner of the project knows of the changed conditions, despite the contractor’s failure to obey contract requirements demanding compliance with formal written claim procedures.
¶31 The majority correctly notes that the opinion in Bignold v. King County fails to outline many of the relevant contract provisions in the subject public works contract. The Bignold opinion notes that the contract contained a “changed conditions” section similar to that found in other standard construction contracts. 65 Wn.2d at 821. Nevertheless, the decision does not cite any of the language of the section or detail what the court considered to be a standard contract. What was standard in 1965 might not be standard in 2005. At any rate, the public works contract in Bignold had a provision admonishing the contractor to fully examine the contract site before bidding. Another provision demanded the contractor give notice in writing to the county of any subsurface or latent physical conditions materially different from conditions described in the con *712 tract. Finally, a provision required the contractor to invoke some section of the contract if it wished payment for extra material. A provision may have exculpated the owner of the project, King County, from any extra costs incurred by the contract by reason of unforeseen conditions at the site.
¶32 The Washington Supreme Court, in Bignold v. King County, refused to enforce many of the relevant contractual terms. Although the contractor gave oral notice, the contractor failed to provide any written notice of unanticipated subsurface conditions and withheld any written notice of an expectation of additional payments. The trial court granted additional recovery caused by unanticipated conditions, nonetheless, and the Supreme Court affirmed. The high court held that the contractor may recover for additional costs.
¶33 Based on Bignold v. King County, this court, in Mike M. Johnson, Inc. v. Spokane County, reasonably held that Mike M. Johnson need not have necessarily followed the notice provisions in Spokane County sewer installation contracts. Instead, a question of fact existed as to whether the county waived the claims procedures. The Supreme Court reversed us.
¶34 I find language in Bignold v. King County irreconcilable with language in Mike M. Johnson, Inc. v. Spokane County. In the former decision, the Supreme Court announced the controlling principles: courts generally allow recovery for additional costs when the condition complained of could not reasonably have been anticipated by either party to the contract. Bignold v. King County, 65 Wn.2d at 821-22. This rule remains true despite admonitory or exculpatory phrases such as those requiring the contractor to carefully examine the site. Bignold v. King County, 65 Wn.2d at 822. If the contractor gives timely oral notice of an unanticipated condition and/or the owner becomes immediately aware of the changed conditions as soon as they develop and orders the contractor to perform the changes and extra work, the owner cannot defeat recovery by the *713 contractor for additional costs even if the contractor provided no written notice of unforeseen conditions and extra work. Bignold v. King County, 65 Wn.2d at 822. The owner cannot preclude recovery for extra costs incurred by the contractor and caused by a shutdown of work if the owner’s engineer gives instructions to shut down despite the engineer giving no written instruction as required by the construction contract. Bignold v. King County, 65 Wn.2d at 822-23. Under the previous circumstances, equitable estop-pel bars the owner from relying on a contract provision that requires any instructions to be in writing. Bignold v. King County, 65 Wn.2d at 823. Quantum meruit provides an appropriate basis for recovery when substantial changes occur that are not covered by the contract and were not within the contemplation of the parties, if the effect is to require extra work and materials or to cause substantial loss to the contractor. Bignold v. King County, 65 Wn.2d at 826. The owner cannot rely on contract notice provisions for claims sounding in quantum meruit. Bignold v. King County, 65 Wn.2d at 826. A claim in quantum meruit is outside the coverage of the contract. Bignold v. King County, 65 Wn.2d at 826.
¶35 These controlling principles in Bignold v. King County conflict with the following rules applied in Mike M. Johnson, Inc. v. Spokane County: Washington law generally requires contractors to follow contractual notice provisions unless those procedures are waived. Mike M. Johnson, 150 Wn.2d at 386. A contractor’s claim for extra work will be dismissed when there was no written order for the extra work as required by the contract and no waiver of the requirement. Mike M. Johnson, 150 Wn.2d at 387. When the engineer issued no required written order for extra work, the contractor may recover for the extra work only if it shows a waiver by the owner. Mike M. Johnson, 150 Wn.2d at 387. A building contract provision requiring a written order for alterations or extras will be enforced. Mike M. Johnson, 150 Wn.2d at 387. Despite an owner having actual *714 notice of a contractor’s protest or claim, the notice, in and of itself, does not excuse the contractor from complying with mandatory contractual protest and claim procedures. Mike M. Johnson, 150 Wn.2d at 377, 387. Even if the contractor gives notice of a claim or even if the owner knows of concerns of delay, if the contractor does not give notice of the amount of the claim or length of delay, as required by the contract, the contractor cannot recover for costs caused by delay. Mike M. Johnson, 150 Wn.2d at 389. Even if the contractor submits a letter to the owner indicating a concern over a change order and that it expected additional compensation for its work under the order, if the letter does not supply the information required by the contract to support a protest or a formal claim, the contractor will be denied recovery for extra work required by the change order. Mike M. Johnson, 150 Wn.2d at 390. A general notice to the owner that the contractor expects additional compensation does not excuse the contractor from complying with the contractual claim procedures. Mike M. Johnson, 150 Wn.2d at 390. A contractor’s notice of protest to the owner does not excuse the contractor from complying with mandatory claim procedures. Mike M. Johnson, 150 Wn.2d at 391.
¶36 In Mike M. Johnson, Inc. v. Spokane County, 150 Wn.2d 375, 78 P.3d 161 (2003), the contractor of a sewer installation public works contract encountered buried telephone lines, which halted work until the county and the utility company resolved the conflict. The construction contract placed all risks from utilities mislocated on the plans or not shown on the plans on the contractor. The contract also required the contractor to use mandatory notice, protest, and formal claim procedures for claims of additional compensation, time extensions, and changed conditions. The contract read that the contractors’ failure to follow the procedures resulted in waiver of any claims for protested work. In a 5 to 4 decision, the Supreme Court dismissed Mike M. Johnson’s claim for additional work *715 because of its failure to follow contract procedures, despite other written notice to the county of the additional work caused by the unforeseen utilities.
¶37 Two facts found in Mike M. Johnson, Inc. v. Spokane County may distinguish it from Bignold v. King County. First, Mike M. Johnson’s owner admitted knowing of the formal protest procedures, but decided to ignore the procedures because of the time needed to comply. Second, the City of Spokane repeatedly warned Mike M. Johnson of the need to follow the contract provisions with regard to notice of additional claims. The Mike M. Johnson court formulated no rules for use in the future based on these peculiar facts.
¶38 The majority downplays notice requirements found in the public works contract in Bignold v. King County. The majority may emphasize that the contractor, in Bignold v. King County, sued in quantum meruit. The Mike M. Johnson, Inc. v. Spokane County opinion does not show that the contractor, Mike M. Johnson, sued in quantum meruit. The majority in this appeal may also highlight that the contractor, in Bignold v. King County, sought recovery for work outside of the contract. I find the distinction between quantum meruit and other forms of recovery and the distinction between suit for work covered by the contract and for work not covered by the contract hollow. Recovery should not be based on magic Latin words employed in the complaint. Distinguishing between work within the contract terms and outside the contract provisions is sometimes difficult and nonsensical. Washington courts have never provided working definitions for “work on the contract” and “work outside the contract.”
¶39 Distinguishing Bignold v. King County and Mike M. Johnson, Inc. v. Spokane County by reason of Bignold suing in quantum meruit and Mike M. Johnson not raising such a claim is unsatisfactory. In each case, the contractor performed additional work and incurred increased costs as a result of unforeseen underground conditions. Although the respective owners directed each contractor to perform work *716 in manners unexpected at the time of contracting, neither contractor performed work beyond the scope anticipated in the contract. The finished project remained the same.
¶40 Bignold v. King County, 65 Wn.2d 817 (1965) stands for the following rules. “Quantum meruit” means “ ‘as much as deserved.’ ” Bignold v. King County, 65 Wn.2d at 826 (quoting Losli v. Foster, 37 Wn.2d 220, 233, 222 P.2d 824 (1950)). Quantum meruit provides an appropriate basis for recovery when substantial changes occur that are not covered by the contract and were not within the contemplation of the parties, if the effect is to require extra work and materials or to cause substantial loss to the contractor. Bignold v. King County, 65 Wn.2d at 826. The owner cannot rely on contract notice provisions for claims sounding in quantum meruit. Bignold v. King County, 65 Wn.2d at 826. A claim in quantum meruit is outside the coverage of the contract. Bignold v. King County, 65 Wn.2d at 826. Mike M. Johnson, Inc. v. Spokane County, 150 Wn.2d 375 (2003) did not expressly overrule these quantum meruit rules.
¶41 The remainder of this opinion is not to be published to coincide with the lack of publication of the corresponding portion of the majority opinion.